**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DOE I; JOHN DOE II; JOHN DOE III, individually and on behalf of proposed class members; GLOBAL EXCHANGE,<br>*Plaintiffs-Appellants*,<br><br>v.<br><br>NESTLE USA, INC.; ARCHER DANIELS MIDLAND COMPANY; CARGILL INCORPORATED COMPANY; CARGILL COCOA,<br>*Defendants-Appellees*. | No. 10-56739<br><br>D.C. No.<br>2:05-CV-05133-SVW-JTL<br><br>ORDER |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted
December 2, 2013—Pasadena, California

Filed December 19, 2013

Before: Dorothy W. Nelson, Kim McLane Wardlaw,
and Johnnie B. Rawlinson, Circuit Judges.

Order;
Partial Concurrence and Partial Dissent by Judge
Rawlinson

## SUMMARY[*]

### Alien Tort Statute

Vacating the dismissal of a complaint for failure to state a claim, the panel held that corporations can face liability for claims brought under the Alien Tort Statute.

The panel held that, in addition, the district court erred in requiring plaintiffs to allege specific intent in order to satisfy the *mens rea* standard. The panel granted plaintiffs leave to amend their complaint in light of recent authority regarding the extraterritorial reach of the Alien Tort Statute and the *actus reus* standard for aiding and abetting. The panel remanded the case for further proceedings.

Concurring in part and dissenting in part, Judge Rawlinson concurred in the order with the exception of the discussion of the pleading requirements for aiding and abetting liability under the Alien Tort Statute. She wrote that a plaintiff must plead that the defendants acted with specific intent to violate the norms of international law.

## COUNSEL

Terrence Patrick Collingsworth, Conrad & Scherer, LLP, Washington, D.C.; Paul Hoffman (argued), Schonbrun DeSimone Seplow Harris Hoffman & Harrison, LLP, Venice, California, for Plaintiffs-Appellants.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Craig A. Hoover and Christopher Todd Handman, Hogan Lovells US LLP, Washington, D.C.; Julie A. Shepard, Jenner & Block, LLP, Los Angeles, California; Jonathan H. Blavin and Kristin Linsley Myles, Munger Tolles & Olson, LLP, San Francisco, California; Brad D. Brian and Daniel Paul Collins, Munger Tolles & Olson, LLP, Los Angeles, California; Andrew John Pincus (argued), Mayer Brown LLP, Washington, D.C.; Lee H. Rubin, Mayer Brown LLP, Palo Alto, California, for Defendants-Appellees.

Susan Hannah Farbstein, International Human Rights Clinic, Harvard Law School, Cambridge, Massachusetts, for Amici Curiae Professors of Legal History.

Marco Simons, Earthrights International, Washington, D.C., for Amicus Curiae Earthrights International.

Jennifer M. Green, Human Rights Litigation and International Advocacy Clinic, University of Minnesota Law School, Minneapolis, Minnesota, for Amici Curiae Nuremberg Scholars.

David J. Scheffer, Northwestern University School of Law, Bluhm Legal Clinic, Center for International Human Rights, Chicago, Illinois, for Amicus Curiae David J. Scheffer.

Peter Bowman Rutledge, Athens, Georgia, for Amici Curiae Chamber of Commerce of the United States of America and The National Foreign Trade Council.

Meir Feder, Jones Day, New York, New York, for Amici Curiae National Association of Manufacturers and Professors of International and Foreign Relations Law and Federal Jurisdiction.

James Evan Berger and Charlene Sun, King & Spalding, LLP, New York, New York; Rebecca Kelder Myers, Vandenberg & Feliu LLP, New York, New York; Todd Tyler Williams, Paul Hastings LLP, New York, New York, for Amicus Curiae United States Council for International Business.

William Aceves, California Western School of Law, San Diego, California, for Amici Curiae International Law Scholars.

Jonathan Massey, Massey & Gail LLP, Washington, D.C., for Amici Curiae Nuremberg Historians and International Lawyers.

---

## ORDER

Plaintiff-appellants appeal the district court's order dismissing their First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In light of intervening developments in the law, we conclude that corporations can face liability for claims brought under the Alien Tort Statute, 28 U.S.C. § 1350. *Kiobel v. Royal Dutch Petroleum*, 133 S. Ct. 1659, 1669 (2013) (suggesting in dicta that corporations may be liable under ATS so long as presumption against extraterritorial application is overcome); *Sarei v. Rio Tinto, PLC*, 671 F.3d 736, 761 (9th Cir. 2011) (en banc) (holding that corporations may be liable under ATS), *vacated on other grounds*, 133 S. Ct. 1995 (2013); *Doe v. Exxon Mobil Corp.*, 654 F.3d 11, 41 (D.C. Cir. 2011) (same), *vacated on other grounds*, 527 F. App'x 7 (D.C. Cir. 2013); *Flomo v. Firestone Natural Rubber Co.*, 643 F.3d 1013, 1020–21 (7th Cir. 2011) (same). Additionally, the

district court erred in requiring plaintiff-appellants to allege specific intent in order to satisfy the applicable purpose *mens rea* standard. *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 259 (2d. Cir. 2009).

Furthermore, we grant plaintiff-appellants leave to amend their complaint in light of recent authority regarding the extraterritorial reach of the Alien Tort Statute and the *actus reus* standard for aiding and abetting. *Kiobel*, 133 S. Ct. at 1669; *Prosecutor v. Charles Ghankay Taylor*, Case No. SCSL-03-01-A Judgment, at ¶ 475 (SCSL Sept. 26, 2013) ("[T]he *actus reus* of aiding and abetting liability is established by assistance that has a substantial effect on the crimes, not the particular manner in which such assistance is provided."); *Prosecutor v. Perisic*, Case No. IT-04-81-A Judgment, at ¶ 36 & n.97 (ICTY Feb. 28, 2013) (holding that "specific direction remains an element of the *actus reus* of aiding and abetting," but noting that "specific direction may be addressed implicitly in the context of analysing substantial contribution").

Accordingly, the order of the district court is hereby **VACATED**, and this case is **REMANDED** for further proceedings consistent with this order. This panel retains jurisdiction over any other appeals in this case.

**IT IS SO ORDERED.**

RAWLINSON, Circuit Judge, concurring in part and dissenting in part:

I concur in the Order with the exception of the discussion of the pleading requirements for aiding and abetting liability under international law. I am of the view that the Plaintiff must plead that the Defendants acted with specific intent to violate the norms of international law. *See Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 258 (2d Cir. 2009) (holding that "a defendant may be held liable under international law for aiding and abetting the violation of that law by another when the defendant (1) provides practical assistance to the principal which has a substantial effect on the perpetration of the crime, and (2) does so with the purpose of facilitating the commission of that crime"); *see also Aziz v. Alcolac, Inc.*, 658 F.3d 388, 400–01 (4th Cir. 2011) ("We conclude that adopting the specific intent mens rea standard for accessorial liability explicitly embodied in the Rome Statute hews as closely as possible to the *Sosa* [*v. Alvarez-Machain*, 542 U.S. 692 (2004)] limits of requiring any claim based on the present-day law of nations to rest on a norm of international character accepted by the civilized world and defined with a specificity comparable to the features of the 18th-century paradigms the Supreme Court has recognized.") (citation and footnote reference omitted).

The district court "conclude[d] that the 'purpose' *mens rea* standard is the proper standard to use in Alien Tort Statute litigation. The less stringent 'knowledge' standard that was originally synthesized by the International Criminal Tribunal for the former Yugoslavia in Furundzija rests on a number of premises that, while perhaps acceptable under that Tribunal's enacting authority, fail to satisfy the requirements set forth by the Supreme Court in *Sosa*." *Doe I v. Nestle*,

748 F. Supp. 2d 1057, 1083 (C.D. Cal. 2010).  The district court explained that it was "apply[ing] the dominant approach taken in the recent international appellate tribunal decisions . . . requir[ing] that the aider and abettor must know or have reason to know of the relationship between his conduct and the wrongful acts."  *Id.* (citation omitted).  The district court held:

> In sum, the Court concludes that the core definition of aiding and abetting under international law requires the following.  A person is legally responsible for aiding and abetting a principal's wrongful act when the aider and abettor (1) carries out acts that have a substantial effect on the perpetration of a specific crime, and (2) acts with the specific intent (i.e., for the purpose) of substantially assisting the commission of that crime.

*Id.* at 1087–88 (citations omitted).  Thus, it appears that the district court was equating "specific intent" with "purpose" for pleading an aiding and abetting claim under international law.[1]

---

[1] It is not uncommon for the terms "purpose" and "specific intent" to be utilized by courts as synonymous.  *See United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000) (observing that "[i]n general, 'purpose' corresponds to the concept of specific intent, while 'knowledge' corresponds to general intent.  A person who causes a result prohibited by common law or statute is said to have acted purposely if he or she consciously desired that result, whatever the likelihood of that result ensuing from his or her actions.") (citations omitted); *see also United States v. Meredith*, 685 F.3d 814, 826 (9th Cir. 2012) ("Jury Instruction 52 defines willfully as an act 'done voluntarily and

The district court utilized the same analysis as that used in *Presbyterian Church*, in which the Second Circuit observed that "[t]here is no allegation that [the defendant] (or its employees) personally engaged in human rights abuses; the allegation is that [the defendant] was complicit in Government abuses." 582 F.3d at 257. The Second Circuit incorporated the standard proposed by Judge Katzmann in his concurring opinion in a prior case. *See id.* at 258. The Second Circuit presented its *mens rea* standard by holding that "a defendant may be held liable under international law for aiding and abetting the violation of that law by another when the defendant (1) provides practical assistance to the principal which has a substantial effect on the perpetration of the crime, and (2) does so with the purpose of facilitating the commission of that crime." *Id.* (citation omitted).

The district court relied upon *Presbyterian Church* to determine that the appropriate *mens rea* standard was "specific intent (i.e., for the purpose) of substantially assisting the commission of that crime." *Doe*, 748 F. Supp. 2d at 1087–88 (citations omitted). In my opinion, the district court's reliance was consistent with recent indications from the Supreme Court urging restraint in applying the Alien Tort Statute. *See Sosa*, 542 U.S. at 724–25.

Although I agree that the case should be remanded to give the Plaintiff the opportunity to amend his Complaint in view of intervening authority, that authority requires Plaintiff to meet the specific intent *mens rea* pleading standard.

---

intentionally and with the specific intent to do something the law forbids; that is to say with a purpose either to disobey or disregard the law. . . .'").